T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

*Attorney for Plaintiffs A.G. and F.G.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| A.G., a minor, by and through her guardian ad litem Johana Yolanda Corral Galvan, individually and as co-successor in interest to Decedent Francisco Ponce, Jr.; F.G., a minor, by and through her guardian ad litem Johana Yolanda Corral Galvan, individually and as co-successor in interest to Decedent Francisco Ponce, Jr.; individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF TULARE, a public entity; and DOES 1–50, jointly and severally,<br><br>Defendants. | Case No. 1:23-cv-00500-JLT-SKO<br><br>**STIPULATION AND ORDER FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Plaintiffs A.G. and F.G., both minors, by and through their guardian ad litem Johana Yolanda Corral Galvan, individually and as co-successor in interest to Decedent Francisco Ponce Jr. ("Plaintiffs"); Defendants Wellpath, LLC, Andrew P. Ho, M.D., and Alla Liberstein, M.D. ("Wellpath Defendants"); and Defendants County of Tulare, Jose Sanchez Perez, James Dillon, and Rodrigo DeOchoa; all by and through their undersigned counsel of record, hereby stipulate as follows:

RECITALS

1. Pursuant to this Court's scheduling order (ECF No. 19), "[a]ll proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), *and* (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

2. As to (A), the good-cause standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609 (9th Cir. 1992). The focus of the inquiry is why the moving party seeks to modify the complaint. *Id.* Here, Plaintiffs seek to amend their First Amended Complaint to address the Wellpath Defendants' claimed deficiencies so as to avoid the filing of a motion to dismiss. Plaintiffs have diligently met and conferred with the Wellpath Defendants regarding these matters, which has necessitated extensions of the Wellpath Defendants' deadline to file a responsive pleading. *See* ECF Nos. 42, 43, 44, 45.

3. As a result of these meet-and-confer efforts, Plaintiffs have agreed to file a proposed Second Amended Complaint which: (1) clarifies that the conditions-of-confinement Fourteenth Amendment claim at ¶ 62 is directed not at the Wellpath Defendants; and (2) does not contain a *Monell* claim against Defendant Wellpath, LLC. In exchange, the Wellpath Defendants will file an answer to Plaintiffs' proposed Second Amended Complaint.

4. Plaintiffs and the Wellpath Defendants furthers stipulate that the Wellpath Defendants

will not use the lack of a *Monell* claim against Wellpath, LLC to object to Plaintiffs' discovery requests of Wellpath, LLC's policies or procedures.

5. Plaintiffs and the Wellpath Defendants further stipulate that Plaintiffs may amend their complaint to reassert a *Monell* claim against Defendant Wellpath, LLC, should discovery provide grounds to do so. *See Copart, Inc. v. Sparta Consulting, Inc.*, No. 214CV00046KJMCKD, 2016 WL 3126108, at *4 (E.D. Cal. June 2, 2016) ("Allowing parties to amend based on information obtained through discovery is common and well established.") (citations omitted).

6. As to (B), the Parties stipulate that Plaintiffs' proposed Second Amended Complaint satisfies the five factors from *Foman v. Davis*, 371 U.S. 178 (1962): (1) there is no undue prejudice to the opposing party; (2) there has been no undue delay; (3) there is no bad faith or dilatory motive by the movants, Plaintiffs; (4) there have been no repeated failures to cure deficiencies by amendment; and (5) amendment is not futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

STIPULATION

Given the foregoing, the Parties stipulate that Plaintiffs may file the proposed Second Amended Complaint, attached hereto as **Exhibit 1.** For the Court's convenience, a redline version is attached as **Exhibit 2**.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully Submitted,

Dated: May 1, 2024 **HELM LAW OFFICE, PC**

*/s/ T. Kennedy Helm, IV*
By: T. KENNEDY HELM, IV
*Attorney for Plaintiffs A.G. and F.G.*

Dated: May 1, 2024 **GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Lindsey M. Romano**
By: LINDSEY M. ROMANO
*Attorneys for Wellpath Defendants*

Dated: May 1, 2024 **LEBEAU THELEN LLP**

*/s/ Gary L. Logan**
By: GARY L. LOGAN
*Attorneys for Tulare County Defendants*

*Ms. Romano and Mr. Logan provided their consent that this document be filed by CM/ECF.

**ORDER**

The Court, having considered the Parties' stipulation, rules as follows: IT IS HEREBY ORDERED that Plaintiffs may file the proposed Second Amended Complaint, attached to the Parties' stipulation as **Exhibit 1**, by no later than May 10, 2024.

IT IS SO ORDERED.

Dated: **May 6, 2024** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE