**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| A.G., a minor, by and through her guardian ad litem Johana Yolanda Corral Galvan, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF TULARE, et al., <br><br> Defendants. | Case No. 1:23-cv-00500-JLT-SKO <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED** <br><br> **(Doc. 60)** |

On November 15, 2024, Wellpath, LLC filed a "Notice of Filing Bankruptcy" requesting the case against all defendants be stayed during the pendency of Defendant Wellpath, LLC's bankruptcy proceedings. (Doc. 58.) On November 16, 2024, the Court stayed Plaintiffs' claims against Defendant Wellpath, LLC pursuant to 11 U.S.C. § 362(a), but declined to stay the claims against the non-debtor defendants. (Doc. 59); *see In re Miller*, 262 B.R. 499, 503–04 & n.6 (B.A.P. 9th Cir. 2001) (holding that section 362(a) does not empower bankruptcy courts to stay proceedings against non-debtor defendants); *In re Silverman*, 616 F.3d 1001, 1005 n.1 (9th Cir. 2010) (holding that non-bankruptcy courts should "treat the BAP's decisions as persuasive authority given its special expertise in bankruptcy issues and to promote uniformity of bankruptcy law throughout the Ninth Circuit"); *see also Acosta v. Valley Garlic, Inc.*, No. 116CV01156AWIEPG, 2017 WL 3641761, at *1 (E.D. Cal. Aug. 24, 2017), *on reconsideration*, No. 116CV01156AWIEPG, 2018 WL 288017 (E.D. Cal. Jan. 4, 2018) (citing *In re Miller* and declining to stay proceedings against non-debtor defendants).

On November 26, 2024, Defendants filed a "Joint Amended Suggestion of Bankruptcy and Notice of Stay," again requesting that the Court stay the proceedings *in toto*. (Doc. 60). Because the Court is persuaded by *In re Miller*, it again declines to stay the case against the non-debtor defendants pursuant to 11 U.S.C. § 362(a).

However, district courts have the inherent power to stay a lawsuit. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). If an independent and related case is pending, in certain circumstances federal courts may stay the instant suit while the independent proceeding moves forward. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

To determine whether a *Landis* stay is appropriate, courts weigh the following competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a *Landis* stay (4) cannot be imposed only for judicial economy and (5) cannot be indefinite and result in undue delay. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066–67. A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

In light of the pending bankruptcy proceeding, is HEREBY ORDERED that, **within fourteen (14) days of service of this order**, Plaintiffs shall show cause as to why the entire action should not be stayed until the bankruptcy proceeding in the related case is resolved. Plaintiffs are warned that an inadequate or lack of response may result in a recommendation to stay the action.

IT IS SO ORDERED.

Dated:   **December 9, 2024**                    */s/ Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE