# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G., *a minor, by and through her guardian ad litem*, et al.<br><br>Plaintiff,<br><br>v.<br><br>County of Tulare, et al.,<br><br>Defendant._____/ | Case No. 1:23-cv-00500-JLT-SKO<br><br>**ORDER DENYING STIPULATION TO AMEND WITHOUT PREJUDICE**<br><br>(Doc. 79) |

The Court is in receipt of the parties' "Stipulation for the Filing by Plaintiffs of a Third Amended Complaint Substituting in California Forensic Medical Group for One Previously Named Doe Defendant." (Doc. 79).

The Court makes the following observations:

1. While Defendants Wellpath, LLC and Andrew P. Ho are listed as signatories of the stipulation, neither defendant is listed as a party to the stipulation in the recitations. (*Id.*) Indeed, the stipulation explicitly states that Wellpath, LLC is not a party to the stipulation. (*Id.* at 1 n.1).

2. On June 4, 2025, the Bankruptcy Court for the Southern District of Texas entered an order permanently enjoining all claims and causes of action against Wellpath Holdings, Inc. and its affiliated debtors. *In re Wellpath Holdings, Inc.,* No. 24-90533 (S.D. Tex. Bank.) (Doc. 2907).

3. The June 4, 2025 order instructs "[h]olders of personal injury tort and wrongful death Claims against [Wellpath, LLC and associated debtors]" that they are "subject to the Trust Distribution Procedures . . . including the non-binding alternative dispute resolution process . . . to determine, if necessary, the allowed amount for their Claim." (*See id.* at 2) That order also provides that

> Such holders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust; *provided*, *however*, outside of the Pro Rata distribution from the Liquidating Trust as well as recovery from any applicable insurance plan, the Holders of such claims may not seek satisfaction of, and are permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution, indemnification right, or any other payment amount resulting from their lawsuit from, or in connection with, the Debtors, the Debtors' estates, or the Post-Restructuring Debtors.)

(*See id.*)

4. On July 23, 2025, the parties filed a "Joint Status Report," in which Plaintiff's represented that they would "seek leave by stipulation or motion to file an amended complaint that: (1) substitutes Defendant Wellpath, LLC with the Liquidating Trust as a nominal party; and (2) joins CFMG as a required party, Fed. R. Civ. P. 19, substituting CFMG for a DOE Defendant." (Doc. 78 at 4). Defendant Wellpath, LLC noted its opposition to such a substitution, stating that it was not "necessary or appropriate" as it would be premature in light of the non-binding alternative dispute resolution process. (*Id.* at 4–5). Defendant Wellpath, LLC also represented that it was their view that "Plaintiff must first complete the ADR process or obtain express agreement from counsel for the Liquidating Trust in order to proceed against the debtor entity or Liquidating Trust in this litigation without violating the Bankruptcy Court's injunction." (*Id.* at 5).

Rule 15(a)(2) requires that a party obtain "the opposing party's written consent or the court's leave." This rule requires *all* defendants' written consent to the amendment. *See Anderson v. Cnty. of Fresno*, No. 121CV01134ADASAB, 2023 WL 7130607, at *1 (E.D. Cal. Oct. 30, 2023).

2

1   Here, while the stipulation includes the signatures of every defendant, the stipulation itself does
2   not purport to be on behalf of all defendants. In light of this inconsistency the Court finds the
3   stipulation deficient as the Court cannot conclusively determine that all defendants have consented
4   to amendment. Therefore, the Court will deny the stipulation without prejudice.

5   If Plaintiffs wish to amend their complaint, they must obtain the consent of all defendants
6   and submit a stipulation that addresses the Court's concerns above. If the parties determine that
7   it would be inappropriate for Defendant Wellpath, Inc. to participate in such a stipulation in light
8   of the injunction, the parties may consider whether substitution or dismissal of Wellpath, Inc. may
9   be appropriate. Alternatively, Plaintiffs' may file a motion to amend pursuant to Federal Rule of
10  Civil Procedure 15(a)(1).

11  It is therefore ORDERED that the "Stipulation for the Filing by Plaintiffs of a Third
12  Amended Complaint Substituting in California Forensic Medical Group for One Previously
13  Named Doe Defendant," (Doc. 79), is DENIED without prejudice. The Court further ORDERS
14  that any amendments to pleadings are to be filed no later than November 10, 2025, unless further
15  time is sought and granted by this Court.

IT IS SO ORDERED.

Dated:   **October 23, 2025**              /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE