| | | |
|---|---|---|
| 1 | T. Kennedy Helm, IV (SBN 282319)<br>HELM LAW OFFICE, PC | Sanjay S. Schmidt (SBN 247475)<br>LAW OFFICE OF SANJAY S. SCHMIDT |
| 2 | 644 40th Street, Suite 305<br>Oakland, California 94609 | 1388 Sutter Street, Suite 810<br>San Francisco, CA 94109 |
| 3 | Telephone: (510) 350-7517<br>Facsimile: (510) 350-7359 | Telephone: (415) 563-8583<br>Facsimile: (415) 223-9717 |
| 4 | E-mail: kennedy@helmlawoffice.com | E-mail: ss@sanjayschmidtlaw.com |
| 5 | *Attorney for Plaintiffs A.G. and F.G., by and through their guardian ad litem, Johana* | *Attorneys for Plaintiffs A.G. and F.G., by and through their guardian ad litem,* |
| 6 | *Yolanda Corral Galvan* | *Johana Yolanda Corral Galvan* |
| 7 | Gary L. Logan (SBN 90558)<br>Alan J. Mish (SBN 105771 | Kevin G. Little (SBN 149818)<br>Michelle L. Tostenrude (SBN 290121) |
| 8 | LAW OFFICES OF<br>LEBEAU • THELEN, LLP | LAW OFFICE OF KEVIN G. LITTLE<br>Post Office Box 8656 |
| 9 | 5001 East Commercenter Drive, Suite 300<br>Post Office Box 12092 | Fresno, California 93747<br>Telephone: (559) 342-5800 |
| 10 | Bakersfield, California 93389-2092<br>Telephone:(661) 325-8962 | Facsimile: (559) 242-2400<br>E-Mail: kevin@kevinlittle.com |
| 11 | Facsimile: (661) 325-1127<br>E-mail: glogan@lebeauthelen.com | E-mail: michelletostenrude@yahoo.com |
| 12 | E-mail: amish@lebeauthelen.com | *Attorneys for Plaintiff Rosa Madrid* |
| 13 | *Attorneys for Defendants County of Tulare, Jose Sanchez Perez, James Dillon, and Rodrigo* | |
| 14 | *DeOchoa* | |
| 15 | Peter G. Bertling (SBN 121602)<br>Jemma Allison Parker Saunders (SBN 227962) | Lindsey M. Romano (SBN 337600)<br>Kendra N. Stark (PRO HAC VICE) |
| 16 | BERTLING LAW GROUP<br>21 E. Canon Perdido Street, Suite 204B | GORDON REES SCULLY<br>MANSUKHANI, LLP |
| 17 | Santa Barbara, California 93101<br>Telephone: (805) 879-7558 | 275 Battery Street, Suite 2000<br>San Francisco, CA 94111 |
| 18 | Facsimile: (805) 869-1597<br>E-mail: peter@bertlinglawgroup.com | Telephone: (415) 875-4126<br>Facsimile: (415) 986-8054 |
| 19 | E-mail: jemma@bertlinglawgroup.com | E-mail: lromano@grsm.com<br>E-mail: kstark@grsm.com |
| 20 | *Attorneys for Defendant Andrew P. Ho, M.D.* | |
| 21 | | *Attorneys for Defendants Wellpath, LLC and Alla Liberstein, M.D.* |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| A.G., a minor, by and through her guardian ad litem Johana Yolanda Corral Galvan, individually and as co-successor in interest to Decedent Francisco Ponce, Jr.; F.G., a minor, by and through her guardian ad litem Johana Yolanda Corral Galvan, individually and as co-successor in interest to Decedent Francisco Ponce, Jr.; individually,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF TULARE, a public entity; Correctional Deputy Trainee JOSE SANCHEZ PEREZ; Correctional Deputy JAMES DILLON; Correctional Deputy RODRIGO DEOCHOA; WELLPATH, LLC, a Delaware Corporation; ANDREW P. HO, MD; ALLA LIBERSTEIN, MD; and DOES 7–50, jointly and severally,<br><br>        Defendants. | Case No. 1:23-cv-00500-JLT-SKO (Consolidating Case No. 1:24-cv-00150-JLT-SKO)<br><br>**STIPULATION AND ORDER TO MODIFY CURRENT SCHEDULING ORDER**<br><br>(Doc. 83) |

Plaintiffs A.G. and F.G., by and through their counsel, T. Kennedy Helm, IV, of Helm Law Office, PC and Sanjay S. Schmidt, of the Law Office of Sanjay S. Schmidt; Plaintiff Rosa Madrid, by and through her counsel, Kevin G. Little and Michelle L. Tostenrude of the Law Office of Kevin G. Little; Defendants County of Tulare, Jose Sanchez Perez, James Dillon, and Rodrigo DeOchoa, by and through their counsel, Gary L. Logan, of Lebeau Thelen, LLP; and Defendants Wellpath, LLC and Alla Liberstein, M.D., by and through their counsel Lindsey M. Romano and Kendra N. Stark of Gordon Rees Scully Mansukhani, LLP, collectively referred to as the "Parties", hereby submit this joint stipulation, and respectfully request as follows:

RECITALS

Plaintiffs and Defendant County of Tulare ("County") have served and responded to written discovery. Plaintiffs needed to meet and confer with counsel for the County regarding certain discovery issues, but those have been largely resolved through an extensive process of meeting and conferring.

As previously brought to the Court's attention though, *see* ECF Nos. 79 at 3:10 – 11 and 81:8–12:6, there is a necessary party within the meaning of Federal Rule of Civil Procedure 19(a)(1)(A) – California Forensic Medical Group ("CFMG") – in whose absence "the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A). To effectuate this, the Parties previously submitted a joint stipulation and proposed order for the filing of a Third Amended Complaint ("TAC") to substitute CFMG in for DOE Defendant Number 7. ECF No. 79. Unfortunately, because of the bankruptcy stay and the uncertainty regarding the scope and application of that stay, as well as the uncertainty regarding Defendant Wellpath, LLC's ("Wellpath") obligation to participate in discovery that has remained as a result of the pendency of a final order from the bankruptcy court, Defendant Wellpath, LLC was not able to be a signatory to the stipulation, even though Wellpath' counsel, who also represents the individual Wellpath employee Defendants, did sign on and concur. *See* ECF No. 79 at 1, fn.1. Subsequently and for this reason, the Court denied the stipulation without prejudice. ECF No. 80. Thereafter, Plaintiffs filed a motion for leave to file a Third Amended Complaint, to effectuate the same purposes as were sought to be effectuated by the stipulation. ECF Nos. 81, 81-1, 81-2,

1

81-3, and 81-4. This motion was also denied without prejudice by the Court, due to the absence of a meet and confer certification. ECF No. 82.

Counsel for Plaintiffs then proceeded to continue to meet-and-confer extensively with counsel for Wellpath – who had already stipulated to the filing of the TAC – in an attempt to conserve judicial resources and attorney time by obviating the need to engage in unnecessary motion practice, which would also needlessly consume judicial resources on a matter that a stipulation had already been reached on. There has already been an agreement reached on the substantive question of the filing of the TAC, as described above; there is an agreement among all Parties on that issue. The issue that has not been resolvable, however, is how to effectuate the stipulation, while simultaneously addressing the concern by Wellpath's bankruptcy counsel concerning Wellpath's participation in the stipulation that necessitated footnote one in the original stipulation, which the Court denied without prejudice. Counsel for Plaintiffs long ago proposed a solution to this, but counsel for Wellpath has not been able to obtain a response because its counsel is awaiting the pendency of a final order in the bankruptcy court.

Meanwhile, CFMG, a necessary party, has not yet been added, and crucial discovery remains to be completed. The Wellpath bankruptcy proceedings – and the confusion and uncertainty that has permeated the scope of Wellpath's post-bankruptcy involvement in the litigation – has generated significant delays in this and other, similar matters.

However, the undersigned counsel are meeting-and-conferring and working cooperatively, in this and other matters to address and resolve the issues once and for all, so litigation can resume at a full clip in all of the cases, with all necessary parties, including CFMG, participating.

In sum, despite the diligence of the Parties, based on the circumstances described above, additional time is required to (1) bring in CFMG, a necessary party within the meaning of Federal Rule of Civil Procedure 19(a)(1)(A), via a TAC and then, once that has been effectuated, (2) to complete discovery. These objectives cannot be completed within the temporal parameters of the operative scheduling order. Accordingly, good cause exists to modify it. The Parties expect the CFMG issue to be resolved once and for all very soon, following which CFMG is

expected to appear, and then discovery can proceed.

## STIPULATION

Therefore, for the foregoing reasons, the Parties respectfully stipulate that the operative scheduling order (ECF No. 75) be modified as follows:

| Matter | Current Deadline (ECF No. 75) | New Deadline |
|---|---|---|
| Non-Expert Discovery Cutoff | January 9, 2026 | July 8, 2026 |
| Expert Disclosures | February 6, 2026 | August 5, 2026 |
| Rebuttal Expert Disclosures | March 13, 2026 | September 9, 2026 |
| Expert Discovery Cutoff | April 17, 2026 | October 14, 2026 |
| Non-Dispositive Motion Deadline-Filing | May 15, 2026 | November 11, 2026 |
| Non-Dispositive Motion Deadline-Hearing | June 24, 2026 | December 23, 2026 |
| Dispositive Motion Deadline-Filing | May 11, 2026 | November 9, 2026 |
| Dispositive Motion Deadline-Hearing | June 16, 2026 | December 15, 2026 |
| Deadline to Provide Proposed Settlement Conference Dates: | August 19, 2026, or 90 days before trial, whichever is later | February 15, 2027, or 90 days before trial, whichever is later |
| Pre-Trial Conference | September 14, 2026, at 1:30 p.m. | March 15, 2027, at 1:30 p.m. |
| Trial | November 17, 2026, at 8:30 a.m. | May 18, 2027, at 8:30 a.m. |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully Submitted,

3

| | | |
|---|---|---|
| Dated: January 6, 2026 | | **HELM LAW OFFICE, PC**<br>**LAW OFFICE OF SANJAY S. SCHMIDT** |

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
   *Attorneys for Plaintiffs A.G. and F.G., by and through their guardian ad litem, Johana Yolanda Corral Galvan*

Dated: January 6, 2026   **LAW OFFICE OF KEVIN G. LITTLE**

*/s/ Kevin G. Little\**
By: KEVIN G. LITTLE
   MICHELLE G. TOSTENRUDE
   *Attorneys for Plaintiff Rosa Madrid*

Dated: January 6, 2026   **LEBEAU THELEN LLP**

*/s/ Gary L. Logan\**
By: GARY L. LOGAN
   *Attorneys for Tulare County Defendants*

Dated: January 6, 2026   **GORDON REES SCULLY MANASUKHANI, LLP**

*/s/ Kendra N. Stark\**
By: LINDSEY M. ROMANO
   KENDRA N. STARK
   *Attorneys for Defendants Wellpath, LLC and Alla Liberstein, MD*

Dated: January 6, 2026   **BERTLING LAW GROUP**

*/s/ Peter G. Bertling\**
By: PETER G. BERTLING
   *Attorneys for Defendant Andrew P. Ho, MD*

\*Pursuant to Local Rule 131(e), Ms. Stark, and Messrs. Logan, Little, and Bertling each consented to the filing of this document via CM/ECF.

**ORDER**

Having considered the parties' Joint Stipulation to Amend Scheduling Order ("Joint Stipulation"), (Doc. 83), and for good cause shown, it is hereby **ORDERED** that the following dates set forth in the date Scheduling Order, (Doc. 75), are **VACATED** and **CONTINUED** according to the revised schedule below:[1]

| Matter | Current Deadline (Doc. 75) | New Deadline |
|---|---|---|
| Non-Expert Discovery Cutoff | January 9, 2026 | July 8, 2026 |
| Expert Disclosures | February 6, 2026 | August 5, 2026 |
| Rebuttal Expert Disclosures | March 13, 2026 | September 9, 2026 |
| Expert Discovery Cutoff | April 17, 2026 | October 14, 2026 |
| Non-Dispositive Motion Deadline-Filing | May 15, 2026 | November 10, 2026 |
| Non-Dispositive Motion Deadline-Hearing | June 24, 2026 | December 16, 2026 |
| Dispositive Motion Deadline-Filing | May 11, 2026 | November 16, 2026 |
| Dispositive Motion Deadline-Hearing | June 16, 2026 | December 21, 2026 |
| Pre-Trial Conference | September 14, 2026, at 1:30 p.m. | March 15, 2027, at 1:30 p.m. |
| Trial | November 17, 2026, at 8:30 a.m. | May 11, 2027, at 8:30 a.m. |

IT IS SO ORDERED.

Dated:  **January 7, 2026**              /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Some of the parties' proposed dates were modified to comport with the Court calendar. Additionally, the deadline for requesting a settlement conference has not been rescheduled. The parties may jointly contact Courtroom Deputy Wendy Kusamura at wkusamura@caed.uscourts.gov to schedule a settlement conference.